UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**KYLE LUTZ**
        **Petitioner,**

    v.                                      **Case No. 15-CV-15**
                                                          **(Criminal Case No. 12-CR-168)**
**UNITED STATES OF AMERICA**
        **Respondent.**

---

### **RULE 4 ORDER**

On May 3, 2013, I sentenced petitioner Kyle Lutz to 180 months in prison, running concurrently with any sentence imposed in a pending state case, see Setser v. United States, 132 S. Ct. 1463 (2011), on his guilty plea to production of child pornography. He took no appeal from the federal judgment. On July 29, 2013, the state court sentenced him to 7 years in prison, running consecutively to the federal sentence. His direct appeal of the state sentence is pending.[1] On January 9, 2015, petitioner filed a motion under 28 U.S.C. § 2255, asking that I either vacate the federal judgment and refashion a sentence of 23 years (8 in custody and 15 on supervision) to remedy the state court's decision, or vacate the state court judgment and issue an order instructing the state court to make its sentence concurrent. He also alleges that his lawyer provided ineffective assistance of counsel in various respects. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, I must conduct a preliminary review of the motion, dismissing the motion if it plainly appears petitioner is not entitled to relief, otherwise directing the government to respond.

---

[1] Petitioner's state appellate lawyer filed a no merit report. A check of the state court of appeals' docket reveals that on January 27, 2015, the court directed counsel to file a supplemental no merit report.

Section 2255 permits collateral attack on a federal sentence, not a state term. Cf. 28 U.S.C. § 2254. Petitioner argues that I have the inherent authority to vacate the state court's judgment, which involved an unreasonable application of clearly established federal law, but the cases he cites arose under § 2254.[2] In any event, Setser does not hold that a federal court's anticipatory decision on concurrent v. consecutive time binds the state. See 132 S. Ct. at 1471 ("[I]f he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter."). Finally, the state court's decision to make its sentence consecutive does not make petitioner's federal sentence unlawful. See Setser, 132 S. Ct. at 1472-73 (concluding that state court's later decision to make its sentence concurrent, when federal court said consecutive, did not make the federal sentence unreasonable); see also United States v. McIntosh, 753 F.3d 388, 395 (2d Cir. 2014) (finding no clear error in federal sentence where district court declined to make a non-binding recommendation to state authorities).

Petitioner also contends that his lawyer provided ineffective assistance of counsel by failing to file a notice of appeal as instructed and/or by failing to file a motion in this court to rectify the state court's error. He claims that his lawyer knew the state court/prosecutor intended to impose a consecutive sentence, yet failed to take steps to protect his rights. Ineffective assistance claims may be raised for the first time under § 2255, see Massaro v. United States, 538 U.S. 500, 504-05 (2003), and failure to file a notice of appeal on demand

---

[2]Petitioner argues that he cannot use § 2254 to challenge the state court's judgment because he is not a state prisoner. But cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (holding that a habeas petitioner may in some circumstances challenge a sentence yet to be served). In any event, his direct appeal of the state court's decision remains open.

does constitute ineffective assistance regardless of whether an appeal was likely to succeed. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994).  I will direct the government to respond to petitioner's ineffective assistance claims.

**THEREFORE, IT IS ORDERED** that the government file a response on or before **March 4, 2015.**

Dated at Milwaukee, Wisconsin, this 4th day of February, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge