# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

**KYLE LUTZ**
      **Petitioner,**

    v.                                    **Case No. 15-CV-15**
                                                **(Criminal Case No. 12-CR-168)**
**UNITED STATES OF AMERICA**
      **Respondent.**

---

## DECISION AND ORDER

Petitioner Kyle Lutz pleaded guilty to production of child pornography, and I sentenced him to 180 months in prison to run concurrently with any sentence imposed in a pending state case charging him with sexual assault of a child (involving the same victim as the federal case). See Setser v. United States, 566 U.S. 231, 132 S. Ct. 1463 (2012) (holding that the district court may order a federal sentence run concurrent or consecutive to an anticipated state sentence). Petitioner took no appeal from the federal judgment, but he later filed a motion to vacate his sentence pursuant 28 U.S.C. § 2255, complaining that the state court had imposed a consecutive term, contrary to my order for concurrent time. Because his complaint was primarily with the conduct of state officials, I deferred ruling on the motion pending his direct appeal of the state sentence. That appeal is now concluded and, finding no basis for relief on his federal sentence, I deny the § 2255 motion.

### I. FACTS AND BACKGROUND

**A.    The Underlying Criminal Cases**

Police in Jefferson County, Wisconsin arrested petitioner for second degree sexual assault of a child and child enticement after learning that he had been involved in a sexual

relationship with D.W., a 14-year-old girl. Petitioner also took nude photos of D.W. during their encounters. The sexual contact ended when D.W.'s mother found petitioner in D.W.'s bedroom one night. Petitioner admitted his conduct to D.W.'s mother and to law enforcement. Law enforcement searched his residence and recovered computer equipment that contained images of child pornography. A forensic analysis revealed that he took sexually explicit photos of D.W., which he distributed via the Internet and Skype. He also possessed and distributed other images of child pornography. The federal government then obtained an indictment charging him with production of child pornography.

Petitioner pleaded guilty to the federal charges on February 13, 2013, and to the state charges on April 8, 2013. The federal case proceeded to sentencing on May 3, 2013, and, as indicted, I imposed a sentence of 180 months' imprisonment followed by 15 years of supervised release. I ordered this sentence run concurrent with any sentence that may be imposed in the Jefferson County case. Petitioner took no appeal from the federal judgment.

On July 29, 2013, the state court sentenced petitioner to a total of 15 years (7 years initial confinement followed by 8 years extended supervision) consecutive to the federal sentence. Petitioner appealed the state sentence, but the state judiciary ultimately affirmed it. State v. Lutz, No. 2016AP2405-CR, 2017 Wis. App. LEXIS 1098 (Wis. Ct. App. Dec. 26, 2017).

**B.    Section 2255 Action**

On January 9, 2015, petitioner filed the instant § 2255 motion, asking that this court vacate the state court's judgment imposing a consecutive sentence and order the state court to impose a concurrent sentence. In the alternative, he asked this court to vacate the federal judgment and refashion a sentence of 23 years (8 in custody and 15 on supervision) to remedy

2

the state court's decision.  He also alleged that his lawyer provided ineffective assistance of counsel by failing to file a notice of appeal as instructed and/or by failing to file a motion in this court to rectify the state court's error.  He claimed that his lawyer knew the state court and state prosecutor intended to impose a consecutive sentence, yet failed to take steps to protect his rights.  Specifically, he complained that counsel allowed him to sign a plea agreement containing an appeal waiver,[1] failed to file a motion to withdraw his guilty plea, and failed to file a notice of appeal.  Finally, petitioner argued that he was entitled to equitable tolling due to his mental incompetence, which prevented him from timely filing his § 2255 motion.

On February 4, 2015, I issued a Rule 4 Order, noting that § 2255 permits collateral attack on a federal sentence, not a state term.  Cf. 28 U.S.C. § 2254.  Petitioner argued that this court has the inherent authority to vacate the state court's judgment, which involved an unreasonable application of clearly established federal law, but in support he cited cases arising under § 2254.[2]  In any event, I noted that Setser does not hold that a federal court's anticipatory decision on concurrent v. consecutive time binds the state.  See 132 S. Ct. at 1471 ("[I]f he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.").  Finally, the state court's decision to make its sentence consecutive did not make petitioner's federal sentence unlawful.  See id. at 1472-73 (concluding that state court's later

---

[1]The plea agreement contains no waiver.  (Case No. 12-CR-168, R. 16.)

[2]Petitioner argued that he could not use § 2254 to challenge the state court's judgment because he was not (yet) a state prisoner.  But cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (holding that a habeas petitioner may in some circumstances challenge a sentence yet to be served).  I noted that his direct appeal of the state court's decision was still pending at that time.

3

decision to make its sentence concurrent, when federal court said consecutive, did not make the federal sentence unreasonable); see also United States v. McIntosh, 753 F.3d 388, 395 (2d Cir. 2014) (finding no clear error in federal sentence where district court declined to make a non-binding recommendation to state authorities).

I next noted that ineffective assistance claims may be raised for the first time under § 2255, see Massaro v. United States, 538 U.S. 500, 504-05 (2003), and that failure to file a notice of appeal on demand constitutes ineffective assistance regardless of whether an appeal was likely to succeed. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994). I therefore directed the government to respond to petitioner's ineffective assistance claims.

On February 26, 2015, the government filed its response, arguing that petitioner's claims were untimely. The amended federal judgment was entered on May 10, 2013, becoming final 14 days later on May 24, 2013, when petitioner filed no appeal. He was sentenced on the state case on July 29, 2013. He placed the § 2255 motion in the prison mail system on December 31, 2014, and it was filed on January 9, 2015, more than one year after his sentence became final. See 28 U.S.C. § 2255(f) (setting a 1 year limitation period). The government argued that, even if he could not have filed his § 2255 motion until after the state court acted, the motion was still untimely, filed 17 months after the state court sentencing.

Petitioner sought equitable tolling on three grounds: (1) the Setser issue is/was not ripe for adjudication, (2) he assumed his federal lawyer was required to file a § 2255 motion after the state court judge imposed consecutive time, and (3) his mental problems should toll the time. The government noted that equitable tolling is reserved for extraordinary circumstances beyond the litigant's control that prevent timely filing. Modrowski v. Mote, 322 F.3d 965, 967

4

(7th Cir. 2003). The government further noted that Setser was decided on March 28, 2012, and applied by this court at sentencing; the government accordingly saw no basis for petitioner's claim that Setser should affect tolling. Regarding his belief that his federal lawyer was obligated to file a § 2255 motion, the government noted that a prisoner's ignorance of the law does not warrant equitable tolling. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Finally, the government argued that, while mental incompetence may provide a basis for equitable tolling, petitioner failed to allege that his limitations prevented him from understanding the legal proceedings. See Davis v. Humphreys, 747 F.3d 497, 499-500 (7th Cir. 2014).

Regarding his allegations of ineffective assistance, the government argued that petitioner failed to present the specific allegations that would warrant an evidentiary hearing. The government further noted there would have been no basis for counsel to file a motion to withdraw petitioner's plea or modify the sentence based on what the state court did.[3] Finally, the government noted that while petitioner alleged that he told his lawyer to file a notice of appeal, he did not provide details of when he did that. The government concluded that, with one exception, all of petitioner's ineffective assistance claims were clearly time barred. On the failure to appeal claim, the government requested the court order petitioner to provide a supplemental affidavit indicating when he claimed he told his lawyer to appeal and when he learned no appeal had been filed.

On February 27, 2015, I issued an order that petitioner file a reply to the government's response. With that reply, he was to file a supplemental affidavit in support of his claim that

---

[3]The government further noted that the plea agreement did not contain an appeal or collateral attack waiver, and that the court specifically advised petitioner of his right to appeal at the sentencing hearing.

5

he told his lawyer to appeal, including when he claims to have told his lawyer to appeal and when he alleges he learned no appeal had been filed.

Following an extension, petitioner filed his reply on April 27, 2015. He indicated that, in addition to his mental problems, bullying from other inmates impeded his access to the law library. It was only after he obtained help from another inmate that he was able to put forward his claims. He argued that these events, coupled with his depression and ADHD, should warrant equitable tolling. He asked for a hearing to prove his factual allegations as to his ADHD, depression, and the bullying.

Petitioner further indicated that he instructed counsel to file a notice of appeal on May 8, 2013, and found out that counsel had not followed his instructions on July 7, 2013. He further argued that counsel should have filed a motion to withdraw his plea after being advised of the state court prosecutor's intent to seek a consecutive sentence. He argued that the court should now vacate his plea and allow him to plead to a lesser charge that would permit a sentence of 8 years.

Finally, petitioner sought to raise a new ineffective assistance claim, arguing that counsel failed to object to the court's failure to explain the basis for certain conditions of supervised release under United States v. Thompson, 777 F.3d 368 (7th Cir. 2015). He claimed that, had counsel objected, there is a reasonable probability the court would have imposed a shorter supervision term. He asked the court to permit an amendment to his § 2255 motion to raise the claim under Thompson, which came down after he filed the original motion.

I permitted the government to file a sur-reply, which it did on May 13, 2015. As to petitioner's Thompson claim, the government argued that the claim was untimely and in any event lacked merit. Thompson claims are not constitutional in nature and do not rise to the

6

level of a fundamental defect that may be addressed under § 2255, see Barnickel v. United States, 113 F.3d 704, 705 (7th Cir. 1997), and counsel cannot be deemed ineffective for failing to predict this change in the law.

On the failure to appeal claim, the government noted that even assuming petitioner told his lawyer to appeal on May 8, 2013, and learned that this had not been done on July 7, 2013, his claim was untimely, as the motion was not placed in the prison mail system until December 31, 2014, and filed on January 9, 2015. Waiting over 15 months after learning no appeal had been filed failed to demonstrate diligence.

On June 3, 2015, petitioner filed a reply to the government's sur-reply. First, he argued that there is no doubt that the state sentence is illegal under United States v. Howard, 729 F.3d 655, 665 (7th Cir. 2013) (quoting Setser, 132 S. Ct. at 1473). He claimed that the state court postponed sentencing for the purpose of defying this court's order. Second, as to equitable tolling, he directed the court's attention to the letters submitted at his sentencing hearing, which discussed his ADD. Third, he argued that Thompson did not change the law but merely rectified the erroneous supervision procedures courts were using; thus, counsel was ineffective for not objecting, resulting in a longer term of "confinement." Finally, petitioner indicated that his state lawyer was arguing that the only relief petitioner could obtain would be through a § 2255 motion for re-sentencing. He asked where, if both the state court and this court declined to act, he could proceed to obtain redress of the illegal sentence.

## II. DISCUSSION

**A.     2255 Standards**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the

7

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). "Hence, relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quote marks omitted).

Further, a § 2255 motion is not a substitute for direct appeal. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claim on direct appeal and actual prejudice from the failure to raise the claim, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. Id.; but see Massaro, 538 U.S. at 504 (allowing a prisoner to allege ineffective assistance of counsel for the first time under § 2255).

Finally, § 2255 actions are subject to a one-year limitation period running from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

8

due diligence. 28 U.S.C. § 2255(f). Equitable tolling of the statute of limitations is a remedy reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing. Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004).

**B.     Petitioner's Claims**

Petitioner is not entitled to relief. First, his claims are untimely. While the record shows that he suffers from ADHD and depression, there is no indication that those conditions are sufficiently severe to prevent him from timely filing a § 2255 motion. See Boulb v. United States, 818 F.3d 334, 340-411 (7th Cir. 2016). His vague claims of intimidation are also insufficient. See id. at 340 (citing Galbraith v. United States, 313 F.3d 1001, 1010 (7th Cir. 2002) (affirming district court's decision to forego an evidentiary hearing where petitioner did not provide "specific details")). Finally, petitioner has admitted that he learned no notice of appeal was filed well over one year before he filed his § 2255 motion.

Second, his claims (other than the failure to appeal claim) lack merit. As indicated above, a federal judge's Setser order does not bind the state court. Petitioner cites Howard, but that case merely acknowledged that, under Setser, district "judges now have discretion to order a federal sentence to run concurrently with or consecutively to an anticipated state sentence." 729 F.3d at 665. Howard said nothing about that decision binding the state court.[4]

The ineffective assistance claims fare no better. Assuming petitioner told counsel – between the date of his federal plea and his federal sentence – what he thought might happen

---

[4]As indicated above, petitioner alleges that his lawyer in the state case believed that petitioner could obtain relief only in the federal forum. The basis for this assertion is unclear. The state courts considered petitioner's Setser argument, rejecting it on the merits. See Lutz, 2017 Wisc. App. LEXIS 1098, at *5 ("[N]othing in Setser helps Lutz establish that a state court is bound by a federal court's determination regarding how a state sentence should be imposed.").

9

in state court, it hard see how that would constitute a "fair and just" reason for plea withdrawal. See Fed. R. Crim. P. 11(d)(2).[5] He was advised during both the state and federal plea colloquies not to count on any particular sentence. There is no authority for petitioner's proposal that he be allowed to re-plead to a lesser federal offense to account for the state court's decision.

Even if I were to allow petitioner to amend his motion to include a Thompson claim,[6] such claim would also fail. Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice. United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014). Thompson found error in district courts' failure to explain the imposition of formerly "standard" conditions of supervision, 777 F.3d at 373; the court also reversed one of the sentences before it because the judge imposed lifetime supervision without explaining why. Id. at 375. Failure to explain the basis for certain conditions does not amount to a fundamental defect, cf. United States v. Silvious, 512 F.3d 364, 371 (7th Cir. 2008) (finding no plain error in imposition of over-broad conditions), and I did explain the reason why I imposed 15 years of supervision (rather than life) in this case. Viewed as an ineffective assistance claim, Thompson did mark a change in the manner in which supervision conditions are imposed in this circuit. Lawyers are not ordinarily required to forecast changes or advances

---

[5]After sentence is imposed, the defendant may not withdraw a plea; the plea may be set aside only on direct appeal or collateral attack. Fed. R. Crim. P. 11(e). Petitioner makes no claim that his federal plea was unknowing or involuntary.

[6]Under Fed. R. Civ. P. 15, leave to amend should be freely given when justice so requires. See Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999) (allowing amendments to § 2255 motions under general civil rules).

10

in the law, see Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001), and petitioner cites no authority under which counsel should have objected to the court's imposition of "standard" conditions in 2013. Further, petitioner fails to explain how he has been prejudiced by any of the conditions[7] – he mentions no specific conditions at all – and to the extent some of the formerly standard conditions are vague that can be corrected at any time under 18 U.S.C. § 3583(e)(2). See, e.g., United States v. Miller, 829 F.3d 519, 530 (7th Cir. 2016).

Finally, on July 31, 2018, petitioner filed a letter, which was docketed as a motion, asking that he be re-sentenced to a shorter term or that the court order the BOP to designate a state facility as the place of federal confinement. The letter cites 18 U.S.C. § 3553(a), but that statute provides no authority for the court to shorten his sentence. See 18 U.S.C. § 3582(c). The letter also cites BOP Program Statement 5160.05, which indicates that state institutions will be designed for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court. However, nothing in that PS provides the court with authority to issue the order petitioner seeks. I would have no objection to the BOP making such a designation, as that would be consistent with my original order, although it is unclear whether such a designation would impact the manner in which state authorities run his sentence.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion to vacate the sentence (R. 1) is denied. The Clerk shall enter judgment dismissing this action.

---

[7]His claim of prejudice relates to the length of the supervised release term. As discussed in the text, I did justify the length. This was not a case, like Thompson, where the court imposed lifetime supervision without explaining why that was necessary.

11

**IT IS FURTHER ORDERED** that petitioner's motion to be re-sentenced (R. 12) is denied.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Petitioner fails to make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2019.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge